IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN BERGONZI,<br>      Plaintiff, | )<br>)<br>) |
| v. | )   CIVIL ACTION NO.:<br>)   1:26-cv-10059-LTS |
| BARNSTABLE PUBLIC SCHOOLS,<br>      Defendant. | )<br>) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Now comes the Defendant, Barnstable Public Schools ("Defendant") and responds as follows to the Plaintiff's Complaint.

**JURISDICTION AND VENUE**

1. The Defendant does not have sufficient information to either admit or deny the allegations contained in this paragraph.

2. The Defendant does not have sufficient information to either admit or deny the allegations contained in this paragraph.

**PARTIES**

3. The Defendant states that it hired Plaintiff effective 10/07/24. The Defendant does not have sufficient information to either admit or deny the remaining allegations contained in this paragraph.

4. Admitted.

**STATEMENT OF FACTS**

5. The Defendant does not have sufficient information to either admit or deny the allegations contained in this paragraph.

6. Admitted.

7. The Defendant admits that Plaintiff interviewed for the position on September 3, 2024. The Defendant does not have sufficient information to either admit or deny the remaining allegations contained in this paragraph.

8. Admitted.

9. The Defendant does not have sufficient information to either admit or deny the allegations contained in this paragraph.

10. The Defendant does not have sufficient information to either admit or deny the allegations contained in this paragraph.

11. The Defendant admits that it offered Plaintiff the associate principal position. The Defendant does not have sufficient information to either admit or deny the remaining allegations contained in this paragraph.

12. The Defendant does not have sufficient information to either admit or deny the allegations contained in this paragraph.

13. The Defendant does not have sufficient information to either admit or deny the allegations contained in this paragraph.

14. The Defendant does not have sufficient information to either admit or deny the allegations contained in this paragraph.

15. The Defendant does not have sufficient information to either admit or deny the allegations contained in this paragraph.

16. Admitted.

17. The Defendant does not have sufficient information to either admit or deny the allegations contained in this paragraph.

18. The Defendant does not have sufficient information to either admit or deny the allegations contained in this paragraph.

19. The Defendant does not have sufficient information to either admit or deny the allegations contained in this paragraph.

20. The Defendant admits that it provided Plaintiff with an "Appointment Letter" on or about October 15, 2024 and states that the letter is a written document that speaks for itself.

21. Admitted.

22. The Defendant does not have sufficient information to either admit or deny the allegations contained in this paragraph.

23. Admitted.

24. The Defendant does not have sufficient information to either admit or deny the allegations contained in this paragraph.

25. The Defendant does not have sufficient information to either admit or deny the allegations contained in this paragraph.

26. The Defendant does not have sufficient information to either admit or deny the allegations contained in this paragraph.

27. The Defendant does not have sufficient information to either admit or deny the allegations contained in this paragraph.

28. The Defendant does not have sufficient information to either admit or deny the allegations contained in this paragraph.

29. The Defendant does not have sufficient information to either admit or deny the allegations contained in this paragraph.

30. The Defendant admits that it terminated Plaintiff on December 10, 2024 and states that the letter dated December 10, 2024 is a written document that speaks for itself.

31. The Defendants denies the allegations contained in this paragraph and calls upon Plaintiff to prove same.

32. The Defendant does not have sufficient information to either admit or deny the allegations contained in this paragraph.

## COUNT I
### (42 U.S.C. § 1983 – Retaliation for Protected Speech)

33. The Defendant repeats its answers to paragraphs 1-32, above, as if fully set forth herein.

34. Admitted.

35. The Defendant denies the allegations contained in this paragraph and calls upon Plaintiff to prove same.

36. The Defendant denies the allegations contained in this paragraph and calls upon Plaintiff to prove same.

37. The Defendant denies the allegations contained in this paragraph and calls upon Plaintiff to prove same.

38. The Defendant denies the allegations contained in this paragraph and calls upon Plaintiff to prove same.

39. The Defendant denies the allegations contained in this paragraph and calls upon Plaintiff to prove same.

40. The Defendant denies the allegations contained in this paragraph and calls upon Plaintiff to prove same.

## COUNT II
**(Breach of At-Will Employment Contract – Violation of Public Policy)**

41. The Defendant repeats its answers to paragraphs 1-32, above, as if fully set forth herein.

42. The Defendant denies the allegations contained in this paragraph and calls upon Plaintiff to prove same.

43. The Defendant denies the allegations contained in this paragraph and calls upon Plaintiff to prove same.

44. The Defendant denies the allegations contained in this paragraph and calls upon Plaintiff to prove same.

## COUNT III
**(Promissory Estoppel)**

45. The Defendant repeats its answers to paragraphs 1-32, above, as if fully set forth herein.

46. The Defendant denies the allegations contained in this paragraph and calls upon Plaintiff to prove same.

47. The Defendant does not have sufficient information to either admit or deny the allegations contained in this paragraph.

48. The Defendant denies the allegations contained in this paragraph and calls upon Plaintiff to prove same.

49. The Defendant denies the allegations contained in this paragraph and calls upon Plaintiff to prove same.

50. The Defendant denies the allegations contained in this paragraph and calls upon Plaintiff to prove same.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

The Plaintiff's Complaint fails to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. Rule 12(b)(6) and/or Fed. R. Civ. P. 12(c) and should therefore be dismissed.

### **Second Affirmative Defense**

The Plaintiff has failed to exhaust his administrative remedies in perfecting a claim and therefore the Complaint should be dismissed.

### **Third Affirmative Defense**

The Plaintiff's claims are not ripe for adjudication and the Complaint should therefore be dismissed.

### **Fourth Affirmative Defense**

The Defendant denies that the Plaintiff is entitled to the damages claimed or to the relief demanded.

### **Fifth Affirmative Defense**

The actions of the Defendant, while acting within the scope of their employment, is protected by the Massachusetts Tort Claims Act, M.G.L. c. 258, and the Plaintiff's claims are precluded or limited by this statute.

### **Sixth Affirmative Defense**

Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process upon one or more of the Defendants.

### **Seventh Affirmative Defense**

The Defendant states that it was justified in its conduct and acts and is therefore not liable to the Plaintiff as alleged in the Complaint.

### **Eighth Affirmative Defense**

The Defendant state that the Plaintiff's claims are barred in whole or in part for lack of subject matter jurisdiction.

### Ninth Affirmative Defense

The Defendant states that the Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitation.

### Tenth Affirmative Defense

Plaintiffs failed to give Defendants timely notice of the matters alleged in the Complaint.

### Eleventh Affirmative Defense

The Defendants reserve their right to amend this Answer to assert additional affirmative defenses which may be pertinent to Plaintiff's Complaint once the precise nature of the Plaintiff's claims is clarified through discovery.

### JURY DEMAND

The Defendant claims a trial by jury on all claims so triable.

Respectfully submitted,

For the Defendant,
Barnstable Public Schools,

 */s/ Syd Saloman*
Syd A. Saloman     BBO #645267
ssaloman@melicklaw.com
Melick & Porter, LLP
One Liberty Square
Boston, MA 02109
(617) 502-9643 Direct-dial

Dated: February 24, 2026

**CERTIFICATE OF SERVICE**

      I hereby certify that on, February 24, 2026, I electronically filed the foregoing document with the clerk of court for the U.S. District Court for the District of Massachusetts via the Court's electronic filing system. The electronic filing system sent a "Notice of Electronic Filing" to the following:

Michael Bekesha, Esq.
mbekesha@judicialwatch.org
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC 20024
(202) 646-5172

                                              */s/ Syd Saloman*
                                              Syd A. Saloman